**No. 25-1989**

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

*PerkinElmer Health Sciences, Inc.*,

Plaintiff-Appellee,

v.

*LabQ Clinical Diagnostics, LLC.*,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CASE NO. 1:22-CV-11412-NMG

## DECHERT LLP'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT-APPELLANT LABQ CLINICAL DIAGNOSTICS, LLC

Andrew J. Levander
Mauricio A. España
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
212 698 3683

*Attorneys for Defendant-Appellant*
*LabQ Clinical Diagnostics, LLC*

**CORPORATE DISLCOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellant LabQ Clinical Diagnostics, LLC ("LabQ") certifies that it is a limited liability company organized under the laws of the State of New York. LabQ has no parent corporation, and no publicly held corporation owns ten percent or more of LabQ's stock.

Pursuant to Federal Rule of Appellate Procedure 27, Local Rules 12.0 and 27.0, and ABA Model Rule 1.16(b)(5), (b)(6), (b)(7), and (c), Andrew J. Levander and Mauricio A. España of Dechert LLP (collectively, "Dechert") move for leave to withdraw their appearances on behalf of Defendant-Appellant LabQ. Good cause exists for withdrawal because the attorney-client relationship between Dechert and LabQ has irreconcilably broken down due to LabQ's failure to pay its outstanding attorneys' fees and expenses.[1]

## BACKGROUND

On September 1, 2022, LabQ retained Dechert to represent it in connection with this litigation. Levander Decl. ¶ 2. Pursuant to that engagement, LabQ agreed to pay Dechert its hourly fees and any necessary expenses on a monthly basis. *Id.* ¶ 3. LabQ initially made regular and consistent payments to Dechert for its legal fees and expenses incurred throughout the litigation. *Id.* ¶ 4. However, LabQ's last payment of its legal fees occurred in August 2024. *Id.* ¶ 5. Since then, Dechert filed numerous substantive motions and performed extensive pretrial work while the case was pending in the District Court. *Id.* ¶ 6. Dechert also prepared the Notice of Appeal that is pending before this Court, as well as all updates informing this Court of the status of the District Court's decision on post-judgment motions. *Id.* ¶ 12.

---

[1] Dechert hereby incorporates the Declaration of Andrew J. Levander in Support of Dechert's Motion for Leave to Withdraw its Appearance as Counsel for LabQ ("Levander Decl."), filed contemporaneously herewith.

LabQ has repeatedly failed to pay any of Dechert's outstanding legal fees and expenses, accruing several million dollars in outstanding legal fees for attorney work hours and related litigation expenses. *Id.* ¶¶ 6, 13.

In early July 2025, Dechert informed LabQ that any further nonpayment would result in Dechert's withdrawal as counsel. *Id.* ¶ 8. On July 28, 2025, Dechert specifically informed LabQ's Chief Executive Officer, Moshe Landau, that if LabQ failed to pay its outstanding legal fees and expenses by July 31, 2025, Dechert would seek to withdraw as counsel in the District Court. *Id.* ¶ 9. LabQ did not pay its outstanding legal fees and expenses and has not been able to provide Dechert with sufficient assurances that it would pay those fees and expenses. *Id.* ¶¶ 13, 17.

Given LabQ's nonpayment, on August 7, 2025, Dechert moved before the District Court for leave to withdraw as counsel. *Id.* ¶ 10. The District Court did not rule on Dechert's motion. Levander Decl. ¶ 11.

On August 15, 2025, while Dechert's motion to withdraw remained pending, the District Court issued an order informing the parties that Plaintiff-Appellee PerkinElmer Health Sciences, Inc.'s ("PerkinElmer") motion for summary judgment would be allowed and that LabQ's motion for summary judgment would be denied, with a memorandum and order to be forthcoming. *See* ECF No. 279.[2]

---

[2] Unless otherwise indicated, "ECF No." refers to the docket entries of the District Court. *See PerkinElmer Health Sciences, Inc. v. LabQ Clinical Diagnostics, LLC*, 22-cv-11412 (D. Mass.).

The District Court subsequently issued its memorandum and order on September 16, 2025, *see* ECF No. 285, and entered summary judgment in favor of PerkinElmer the same day, *see* ECF No. 286.

Because the District Court had not (and has not) ruled on Dechert's motion to withdraw as counsel for LabQ, Dechert, as LabQ's counsel, fulfilled its legal and ethical obligations to both LabQ and the judiciary by filing a notice of appeal of the trial court's summary judgment ruling. *See* Levander Decl. ¶ 12. The result is the instant appeal.

Despite Dechert's repeated efforts to come to an accord with LabQ, LabQ has not paid its outstanding legal fees and expenses and has remained unable to provide Dechert with sufficient assurances that it would pay those fees and expenses, as well as any future fees and expenses relating to the instant appeal. *Id*. ¶ 17. Dechert estimates that, should it continue to represent LabQ through this appeal, it would incur significant additional expenses through attorney work hours, reasonable travel expenses, and other expenditures in preparation for the appeal. *Id.* ¶ 14. After numerous discussions, on April 13, 2026, Dechert informed Mr. Landau that Dechert would move to withdrawal as counsel. *Id.* ¶ 16. Accordingly, this motion follows.

**ARGUMENT**

Dechert reluctantly seeks to withdraw as LabQ's counsel in this case because the attorney-client relationship between Dechert and LabQ has irreconcilably broken

down. On September 1, 2022, LabQ retained Dechert to represent it in connection with this litigation and agreed to pay its attorneys' fees and expenses on a monthly basis. LabQ, however, has not paid Dechert any of its attorneys' fees and legal expenses, including expert fees, since August 2024. As a result of LabQ's nonpayment, LabQ has accrued several millions of dollars in unpaid legal fees and expenses. Despite the length of nonpayment, Dechert continued to zealously represent LabQ consistent with Dechert's ethical obligations. LabQ's persistent nonpayment of its legal fees and expenses, however, has imposed, and any continued representation would continue to impose, an "unreasonable and undue financial burden" on Dechert, particularly because continuing to pursue this appeal will result in Dechert facing substantial additional financial exposure going forward. *Cozy, Inc. v. Dorel Juv. Grp., Inc.*, 711 F. Supp. 3d 19, 22–23 & n.5 (D. Mass. 2024) (granting counsel's motion to withdraw in part because counsel was owed "a significant amount in fees for their services" and where "a great deal remains to be done"). Accordingly, Dechert seeks to withdraw as counsel from this case.

The provisions of ABA Model Rule 1.16 provide guidance for when a lawyer may withdraw from a case. *First,* ABA Model Rule 1.16(b)(5) permits a lawyer to withdraw if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." *Second,* ABA Model

4

Rule 1.16(b)(6) provides that a lawyer may withdraw if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." *Finally,* ABA Mode Rule 1.16(b)(7) permits withdrawal of an attorney's appearance upon a showing of "good cause." All three of these provisions are satisfied here.

As an initial matter, the irreconcilable breakdown in the attorney-client relationship between Dechert and LabQ for nonpayment of attorneys' fees and reasonable expenses establishes good cause. Since August 2024, LabQ has not paid any of its legal fees, including *any* fees for this appeal. Thus, forcing Dechert to represent LabQ through this appeal would result in an unreasonable financial burden on Dechert without any guarantee of current or future payment.

As this Court has held in the context of a trial-level motion to withdraw, "[i]t simply expects too much of counsel to expend the additional energy necessary to . . . front the necessary expenses, without any real assurance that he will be paid for any of it, especially where [counsel] already is owed a substantial sum and the client has violated the written fee agreement." *Lieberman v. Polytop Corp.,* 2 F. App'x 37, 39–40 (1st Cir. 2001) (finding trial court abused its discretion in denying attorney's motion to withdraw where client failed to pay over $80,000 in legal fees). And, in that context, this Court "refuse[d] to place counsel in such a position" where "he very well could expose himself to civil liability to his client"

5

for failing to front expenses for his non-paying client. *Id.* at 40. That proposition applies with equal force here. Dechert has sought, repeatedly and consistently, to represent its client despite nonpayment, even after moving for leave to withdraw before the District Court.

As noted above, despite LabQ's nonpayment, Dechert has, among many other things, performed the following services in the course of providing professional representation to LabQ before the trial court, in addition to conducting the preliminary aspects of the instant appeal:

- Taken and defended the depositions of approximately twenty fact witnesses;

- Retained expert witnesses;

- Engaged in expert discovery, including deposing two expert witnesses retained by PerkinElmer and defending the depositions of LabQ's two expert witnesses;

- Filed a motion for summary judgment, a brief in opposition to PerkinElmer's motion for summary judgment, and a reply brief in support of LabQ's motion, as well as statements of fact in support of those motions;

- Filed four motions *in limine* and responded to seven motions *in limine* filed by PerkinElmer;

- Prepared exhibit lists, witness lists, and deposition designations, and objections thereto, in preparation for trial;

- Prepared witnesses, including expert witnesses, for trial;

- Filed oppositions to PerkinElmer's post-judgment motions; and

- Conferred with opposing counsel, as required by the Local Rules of the U.S. District Court for the District of Massachusetts, regarding all of the aforementioned motion practice and trial preparation activity.

As a result of these and other related tasks, Dechert has accrued several million dollars in unpaid legal fees and expenses. Levander Decl. ¶ 6. Dechert provided LabQ with monthly statements and LabQ is aware of its outstanding balance. Furthermore, in July 2025, Dechert provided LabQ with explicit notice that any further nonpayment would force Dechert to withdraw as counsel in the District Court. *Id.* ¶¶ 8–9. And on April 13, 2026, Dechert once again informed LabQ that any further nonpayment would compel Dechert to withdraw as counsel in this Court. *Id.* ¶ 16. Indeed, Dechert has "made all reasonable efforts to work with" LabQ to resolve the disagreement over nonpayment since August 2024, to no avail. *Int'l Floor Crafts, Inc. v. Adams*, 529 F. Supp. 2d 174, 176 (D. Mass. 2007) (granting motion for leave to withdraw appearance where defendant "ha[d] not fulfilled her necessary obligations as a client, notably by failing to pay attorneys' fees"); *see also Cozy*, 711 F. Supp. 3d at 23–24 (permitting corporation's counsel to withdraw following "the non-payment of substantial bills").

LabQ has nevertheless "failed to fulfill [its] obligations to pay [Dechert] for its services" by failing to pay its attorneys' fees and reasonable expenses. *Metro. Prop. & Cas. Ins. Co. v. Savin Hill Family Chiropractic, Inc.*, 2018 WL 4870903, at *2 (D. Mass. Aug. 17, 2018) (finding that, although a corporation cannot proceed

*pro se,* it would be "unreasonable and would impose an undue financial burden" on counsel to continue to represent that corporation without payment.). Should Dechert continue to represent LabQ through this appeal, it estimates that it will incur significant additional costs and expenses. Levander Decl. ¶ 14. Given the magnitude of work that remains in order to prepare adequately for, and complete, this appeal and any subsequent trial-court-level proceedings, it would place an unreasonable burden on Dechert to compel it to continue representing LabQ without any legitimate commitment from LabQ to pay its current or future legal bills. Furthermore, in addition to incurring significant attorneys' fees, proceeding with this appeal without any assurance or expectation of payment would result in Dechert incurring unreasonable, unreimbursed costs for travel, hotel accommodations for counsel and other expenses related to hearing logistics. *See id.* ¶ 14.

Any potential prejudice to LabQ is minimal given the early stage of the proceedings before this Court. No briefing has been submitted nor has a briefing schedule been set. This presents LabQ with adequate time to secure substitute counsel should it wish to continue pursuing its appeal. *C.f., Hammond v. T.J. Litle and Co., Inc.*, 809 F. Supp. 156, 158, 160–62 (D. Mass. 1992) (granting counsel's motion to withdraw for good cause based on, *inter alia*, nonpayment of fees when "[a] new trial date ha[d] not been set, and no oral or written reports [were] due"). Accordingly, the Court should grant Dechert leave to withdraw as counsel for LabQ

and provide a reasonable amount of time for LabQ to retain other counsel. *See Int'l Floor Crafts, Inc*, 529 F. Supp. 2d at 176–77; *Lieberman*, 2 F. App'x at 39–40; *Metro. Prop. & Cas. Ins. Co.*, 2018 WL 4870903, at *2.

## CONCLUSION

Dechert respectfully requests the Court grant it leave to withdraw its appearance as counsel on behalf of LabQ.

Dated:  April 20, 2026

Respectfully Submitted,

 /s/ *Andrew J. Levander*
Mauricio A. España
Andrew J. Levander
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
T: 212 698 3683
F: 212 698 3599
mauricio.espana@dechert.com
andrew.levander@dechert.com

*Attorneys for Defendant-Appellant LabQ Clinical Diagnostics, LLC*

9

# CERTIFICATE OF SERVICE

I, Andrew J. Levander, hereby certify that on this 20th day of April, 2026, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.  I also caused to be served a copy of this document via e-mail on Mr. Moshe Landau, the principal and Chief Executive Officer of LabQ Clinical Diagnostics, LLC.

/s/ *Andrew J. Levander*
Andrew J. Levander
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
T: 212 698 3683
F: 212 698 3599
andrew.levander@dechert.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by the Fed. R. App. P. 32(f) and 27(a)(2)(B), this document contains 1,999 words.

/s/ *Andrew J. Levander*
Andrew J. Levander
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
T: 212 698 3683
F: 212 698 3599
andrew.levander@dechert.com